UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM GENSHEIMER,

    Plaintiff,

                                             CASE NO.:

vs.

VISION ACE HARDWARE, LLC  a
foreign limited liability company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, WILLIAM GENSHEIMER ("Mr. Gensheimer" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, VISION ACE HARDWARE, LLC, a foreign limited liability company ("VAH" or "Defendant") and alleges the following:

1.    Plaintiff brings these claims for gender non-conformity discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. *42 U.S.C. § 2000e et seq.* ("Title VII"), and for wrongful termination in violation of Section 448.102, Florida Statutes, otherwise referred to as the Florida Whistleblower Act ("FWA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (as to Title VII only), his attorneys' fees and costs, and any and all further relief available under the applicable statutes and law.

## JURISDICTION

2.    The Court has original jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331 as it arises under 41 U.S.C. § 2000e *et seq.* The Court has supplemental

jurisdiction over Plaintiff's FWA claim pursuant to 28 U.S.C. § 1367 as this claim is so factually related/intertwined with Plaintiff's Title VII claim, that they form part of the same case or controversy.

## VENUE

3.  Venue is proper because Plaintiff worked for Defendant in DeSoto County, Florida, where the actions giving rise to this action occurred.

4.  Plaintiff also is a resident of DeSoto County, Florida.

## PARTIES

5.  Plaintiff is a male gay/homosexual who worked for Defendant as a Sales Associate at Defendant's store in Arcadia, Florida.

6.  Plaintiff is protected by Title VII because:

    a.  He is a male gay/homosexual who suffered discrimination and disparate treatment during his employment with Defendant based on his non-conformity with Defendant's gender stereotypes for male employees; and

    b.  He suffered adverse employment action and was subjected to an increasingly hostile work environment and ultimately termination based on his non-conformity with Defendant's gender stereotypes for male employees.

7.  Plaintiff is protected by the FWA in that he objected to Defendant's violation of a law, rule, or regulation, and/or what he reasonably believed to be a violation of a law, rule, or regulation, and was terminated for his objections.

8.  Defendant, was at all material times to this Complaint, an "employer" as envisioned by Title VII and the FWA, in that it employed in excess of fifteen (15) or more employees at all times relevant.

**CONDITIONS PRECEDENT**

9. Plaintiff, on or about November 8, 2017, dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

10. On April 19, 2018, Plaintiff received a Right to Sue Letter from the EEOC allowing him to file this suit.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

**GENERAL ALLEGATIONS**

13. Plaintiff worked for Defendant as a Sales Associate from May 8, 2017, until his termination on July 5, 2017.

14. As part of his standard duties as a Sales Associate, Plaintiff regularly was required to dispense chlorine and propane—both hazardous substances according to OSHA, the EPA, and their Florida state counterparts.

15. Despite the hazardous nature of these substances, and the danger involved in dispensing same, Defendant failed to provide: (a) training on how to dispense such substances, safety equipment to ensure safe dispensing of these substances; (b) Material Safety Data Sheets ("MSDS") to warn/advise Plaintiff of the risk of dispensing these substances; and (c) instruction or guidance on legally-acceptable disposal procedures for chemically contaminated materials, or clean-up procedures when, for example, chlorine was spilled during the dispensing process.

16. All of these failures violated federal environmental and worker safety statutes and regulations including, but not limited to, 29 C.F.R. § 1910.1200 (OSHA's

Hazard Communication Standards); 29 C.F.R. § 1910.1450 (requirements to communicate Laboratory Standards to Employees); OSHA's General Duty Clause at Section 5(a)(1) of the Occupational Safety and Health Act, and 40 C.F.R.§ 68.48 through §68.56.

17.     Based on his legitimate safety concerns in the workplace, Mr. Gensheimer objected to each of the foregoing violations to both store management and Defendant's Human Resources Director.

18.     This objection constitutes protected activity pursuant to Section 448.102 (3), Florida Statutes.

19.     Store management and Human Resources summarily dismissed Mr. Gensheimer's concerns and objections.

20.     In response to these objections, Defendant terminated Plaintiff within close temporal proximity to his objections.

21.     The proximity in timing to Mr. Gensheimer's being terminated, and his protected objections to exceedingly unlawful and dangerous practices in Defendant's workplace, create a temporal nexus between the two events.

22.     Defendant's articulated reason for Plaintiff's termination is pretext.

23.     In addition to the unsafe environment to which Plaintiff was being subjected, Defendant's workplace was rife with vile, lurid, and objectionable sexual harassment and innuendo directed to gay/homosexual employees like Plaintiff.

24.      Plaintiff is a gay/homosexual male, and married to another man.

25.     During his employ, Plaintiff frequently was the subject of disparate and adverse treatment based not on his sexual orientation *per se*, but because his gender identification did not conform to those of Defendant's stereotypical vision of male

4

employees.

26. To that end, Plaintiff's direct supervisor, Eddie Gomez, would treat Mr. Gensheimer in a manner that was in stark contrast to how he treated heterosexual workers, such as sending him home from work for unexplained reasons, being verbally dismissive and obstructive to Mr. Gensheimer when he needed help on the floor, and allowing everyone but Mr. Gensheimer to take advantage of company benefits and privileges (such as allowing all other workers, but not Mr. Gensheimer, extended break time and not permitting Mr. Gensheimer into the office on breaks).

27. Mr. Gensheimer's co-workers also reflected this same personal, directed animus toward him, which created a hostile work environment.

28. These co-workers would make sexual, inappropriate jokes while working in the store that isolated Mr. Gensheimer and made him very uncomfortable.

29. Additionally, Defendant's Floor Manager, "Tommy" treated Mr. Gensheimer differently and inferior to other co-workers, such as publicly reprimanding him and threatening to send him home for unexplained reasons, yet treated non gay/homosexual employees in a more favorable manner.

30. Plaintiff was treated in a disparate manner based on the fact that he was openly gay/homosexual, and Defendant's management team directed animus toward him because he did not conform to their/Defendant's stereotypes of male employees.

31. Plaintiff was terminated for reasons that non gay/homosexual employees were not reprimanded, in violation of Title VII.

32. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII.

33. At all material times hereto, Plaintiff was ready, willing and able to perform

his job duties.

34. Defendant does not have a legitimate, non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

35. Plaintiff is a member of a protected class as envisioned by Title VII.

36. Plaintiff suffered sufficiently severe and pervasive discrimination to create an abusive working environment.

## COUNT I:

## AGAINST DEFENDANT FOR GENDER NON-CONFORMITY DISCRIMINATION UNDER TITLE VII

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1-13, 23-36 as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

39. The discrimination to which Plaintiff was subjected was based on his gender, and non-conformity to Defendant's stereotype for male employees in its workplace.

40. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

43. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

44. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

45. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

46. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

47. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

48. Provide any additional relief that this Court deems just and proper.

## COUNT II:

## WHISTLEBLOWER RETALIATION PURSUANT TO THE FWA

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-13 and 23-36, as if fully set forth in this Count.

50. On July 5, 2017, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102 (3), Florida Statutes.

51. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what he reasonably believed to be illegal activity, and Plaintiff's objections to same in violation of Section 448.102(3), Florida Statutes.

52. Plaintiff objected to a violation of a law, or what he reasonably believed to

be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

53.   As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of May, 2018.

*/s/ NOAH E. STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*