UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM GENSHEIMER,

    Plaintiff,

v.                                        Case No: 2:18-cv-422-FtM-38MRM

VISION ACE HARDWARE, LLC,

    Defendant.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Defendant Vision Ace Hardware, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 37) and Plaintiff William Gensheimer's Response (Doc. 42).

### **Background**

This is an employment-discrimination and whistleblower case. The Court recounts the factual background as pled in Plaintiff's Amended Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Gensheimer, a gay man, worked for Vision Ace as a Sales Associate for two months in 2017. (Doc. 35 at 3). During his employment, supervisors treated him differently than heterosexual

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

employees by sending him home for unexplained reasons, publicly reprimanding him, dismissing his requests for help, and giving him shorter breaks than other employees. (Doc. 35 at 5). And Gensheimer's coworkers made sexual jokes and comments that made him feel uncomfortable, such as calling him a "pansy" and saying things like, "I don't know how you're not into vagina." (Doc. 35 at 5).

Gensheimer's duties included dispensing chlorine and propane, both of which are regulated by state and federal government agencies. Vision Ace failed to instruct Gensheimer on proper handling of the substances. (Doc. 35 at 3-4). When Gensheimer complained to store management and Vision Ace's Human Resources Director, they dismissed his concerns, and Gensheimer was terminated soon after. (Doc. 35 at 4). Gensheimer has sued Vision Ace for Title VII discrimination based on gender non-conformity and for violating the Florida Whistleblower Act. Vision Ace moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard

requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## Discussion

### A. Discrimination Based on Gender Non-Conformity (Count I)

The 11th Circuit recognizes gender non-conformity claims under Title VII, but not discrimination claims based on sexual orientation. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248 (11th Cir. 2017); *see also Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (recognizing actionable discrimination when a woman was denied a promotion because she was aggressive, harsh, and foul-mouthed, traits her bosses viewed as masculine). The concurring and dissenting opinions in *Evans* highlight the difficulty courts face when distinguishing between actionable gender non-conformity claims and nonactionable sexual orientation claims, which can often overlap. *Evans*, 850 F.3d at 1258-73. Gensheimer aims for the actionable end of that spectrum by alleging discrimination "based not on his sexual orientation *per se*, but because his gender identification did not conform to those of Defendant's stereotypical vision of male employees." (Doc. 35 at 5). Yet the only distinction Gensheimer draws between himself and his coworkers is that they are straight and he is gay. The Court will thus dismiss Count I without prejudice and grant Gensheimer leave to amend.

### B. Whistleblower Retaliation (Count II)

It is unlawful in Florida to retaliate "against an employee because the employee has…[o]bjected to…any activity, policy, or practice of the employer which is in violation

of a law, rule, or regulation." Fla. Stat. §448.102. The parties, and courts in this District, disagree whether a plaintiff must prove an actual violation, or if a good-faith belief of a violation is enough. Compare *Burns v. Medtronic, Inc.*, No. 8:15-CV-2330-T17-TBM, 2016 WL 3769369, at *5 (M.D. Fla. July 12, 2016) (holding that a Florida Whistleblower Act "claim need only be supported by a plausible allegation of what Plaintiff, in good faith, *believes to be a violation* of a law, rule or regulation") with *Graddy v. Wal-Mart Stores East, LP*, 237 F. Supp. 3d 1223, 1226-27 (M.D. Fla. 2017) (adopting the "actual violation" standard).

The Court need not weigh in on the debate at this point because Gensheimer has alleged that Vision Ace violated federal laws and regulations by not training its employees on proper handling of chlorine and propane, and Vision Ace does not dispute that its alleged practices, if proven true, were violations. The Court may revisit this issue if Gensheimer cannot prove an actual violation and must rely on his good-faith belief. But for now, it is enough under either standard that Gensheimer has plausibly alleged actual violations. Count II survives.

Accordingly, it is now

**ORDERED:**

Defendant Vision Ace Hardware, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 37) is **GRANTED in part and DENIED in part**.

1. Count I is **DISMISSED without prejudice**.
2. Plaintiff William Gensheimer may file a Second Amended Complaint on or before **November 29, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of November, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record